# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **LOUIS PERKINS,** | ) |
| | )   No. 04-32156 |
| Debtor. | ) |

## O P I N I O N

This Chapter 13 case is before the Court on the Chapter 13 Trustee's (Trustee) Motion to Dismiss the Case Due to Debtor being Deceased and the Trustee's Objection to the Amended Plan filed on behalf of the deceased Debtor. This case was consolidated for hearing purposes only with *In re Bevelot*, Case No. 05-36051,[1] and the parties were granted time to file briefs. The matter was taken under advisement.

The Debtor, Louis Perkins (Debtor), filed his Chapter 13 petition on May 25, 2004, and the plan was confirmed on August 24, 2004. The Debtor's plan provided for a duration of 60 months and a base of $44,100. The Debtor passed away on December 5, 2006, and the First Amended Plan was filed on behalf of the Debtor on May 2, 2007. The First Amended Plan changes the duration of the plan from 60 months to 54 months while the payments remain the same at $735 per month. The Amended Plan seeks to continue payments and, presumably upon the completion of payments, to result in a discharge being issued under § 1328(a).

The first issue before the Court is whether the case can proceed after the death of the Debtor. Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301, *et seq.*, is silent as to this issue. However, Bankruptcy Rule 1016 speaks to it, stating:

> Death . . . of the debtor shall not abate a liquidation case under chapter 7 of the Code. . . . If a[n] . . . individual's debt adjustment case is pending under . . . chapter 13 . . . the case may be dismissed; or if further administration is possible and

---

[1] A separate opinion and order will be entered.

>   in the best interest of the parties, the case may proceed and be concluded in the same
>   manner, so far as possible, as though the death . . . had not occurred.

FED. R. BANKR. P. 1016.

The Debtor submits that under Bankruptcy Rule 1016 further administration is both possible and in the best interest of the parties. The Trustee agrees that further administration is possible, but argues it cannot be in the best interest of the parties as the Debtor is no longer a party and it is in the best interest of the creditors to pursue state court remedies against the probate estate, as there "may or may not be a fully solvent probate estate from which they can and should seek recovery." The Trustee also alludes to an enormous windfall to the Debtor's estate. However, the Trustee merely raises the possibility and has not presented any evidence to establish that there is a fully solvent probate estate and that the Debtor's estate would receive an enormous windfall so that this Court could conclude it would be in the best interest of the creditors to send them off to state court.

The Trustee asserts that the significant issue before the Court is whether or not the deceased Debtor can receive a discharge under § 1328 of the Bankruptcy Code. 11 U.S.C. § 1328. The Trustee's sole argument against the granting of a discharge, and in favor of dismissing the case, is that the Court cannot grant a discharge when the Debtor is deceased because there is no debtor to whom the discharge would be granted. However, Bankruptcy Rule 1016 specifically states, "the case may proceed and be concluded, so far as possible, as though the death or incompetency had not occurred." Clearly, the rule contemplates that a discharge could be granted in a case where the debtor is deceased because it allows for a case to be "concluded" as though the death had not occurred. Since a discharge is available as a conclusion to a Chapter 13 case when death has not occurred, then it is available in a case where the debtor is deceased.

This conclusion is supported in COLLIER ON BANKRUPTCY, where it is stated that if a debtor

in a Chapter 13 case dies before completing the plan, there are actually three options available to the bankruptcy court:

> In a chapter 12 or 13 case, the confirmation and successful completion of a chapter 12 or 13 plan are almost always dependent upon the debtor's future earnings. Thus, normally the debtor's death will often lead to dismissal of the case because the debtor will likely have no future income. Alternatively, the court may enter a hardship discharge under section 1328(b), which would preserve the benefits of discharge for the debtor's estate. . . . However, if a debtor has proposed a confirmable plan and that plan is still feasible after the death of the debtor, the court may allow the case to continue for the benefit of the debtor's estate.

9 COLLIER ON BANKRUPTCY §1016.04 (Lawrence P. King, 15th rev.ed.).

However, the Trustee asserts that the insurmountable problem in this case and *Bevelot* is that Bankruptcy Rule 1016 is in conflict with the provisions of the Bankruptcy Code and Bankruptcy Rule 1016 must "take[s] a back seat" to § 1328 of the Bankruptcy Code. The Trustee relies on certain definitions in § 101 of the Bankruptcy Code, 11.U.S.C. § 101, and on the eligibility requirements in § 109 of the Bankruptcy Code, 11. U.S.C. § 109, to argue that when a debtor dies postpetition there is no debtor to whom the Court can grant a discharge, hardship or regular.[2]

Section 1328(a) of the Bankruptcy Code provides in part as follows:

> Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan . . . .the court shall grant the debtor a discharge of all debts provided for by the plan. (Footnote omitted).

In support of his argument that the term "debtor" as used in § 1328(a) does not include a deceased debtor, the Trustee relies on § 109(e), which sets for the criterial for eligibility to be a debtor under Chapter 13 as well as the definitions of "debtor," "individual with regular income,"

---

[2]Although in his brief the Trustee seems to focus on the hardship discharge issue raised in the *Bevelot* case, he implies the same analysis would also preclude a deceased debtor from receiving a "regular" discharge under § 1328.

3

"person," and "entity" found in § 101 of the Code.[3] Applying these definitions to the situation where the debtor dies postpetition, he argues there is no longer a "debtor" under § 1328(a) to whom a discharge can be granted. In essence, the Trustee is asking the Court to construe these definitions of "debtor" to preclude a deceased debtor in a Chapter 13 case from receiving a discharge. This Court rejects the Trustee's argument as it is contrary to the historical treatment given a deceased debtor in Bankruptcy and is incomplete as it stops short of a complete analysis of § 1328(a) and § 109(e).

Upon initial reading, the Trustee's argument has a superficial logic: if a debtor must meet certain eligibility requirements to file a case under Chapter 13, it would seem that the debtor should maintain his or her eligibility throughout the life of the plan.[4] However, § 1328 of the Bankruptcy Code and the definitions cited by the Trustee do not directly address the situation in which a debtor dies while a bankruptcy proceeding is pending, and thus the Court must consider these provisions in relation to the Bankruptcy Code as a whole.

When viewed in the context of the entire Bankruptcy Code, the Trustee's interpretation of "debtor" as used in § 1328(a) is not consistent with the long-standing general principle that the death

---

[3]Section 101(13) of the Bankruptcy Code defines a debtor as "a person or municipality concerning which a case under this title has been commenced."

Section § 101(15), defines the term "entity" to include estates (such as probate estates).

Section 101(30) defines "individual with regular income" as an individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13 of this title."

Section 101(41) defines "person" to include an individual, corporation or partnership, but not a governmental unit. In § 109(e), a "debtor" eligible for Chapter 13 relief is defined as an "individual with regular income."

[4]It is well-settled that a probate estate may not commence a bankruptcy case on behalf of a decedent under either Chapter 7 or Chapter 13 because, as pointed out by the Trustee, an estate is not included in the definition of "person" under § 109(b) for Chapter 7 purposes or in the definition of "individual" under § 109(e), which is included in the definition of "person" under § 101(41), for Chapter 13 purposes. It is likewise well-settled that, because a probate estate is not eligible to file a bankruptcy case under any chapter, conversion from one chapter to another is also prohibited. *See, e.g., Matter of Jarrett*, 19 B.R. 413, 414 (Bankr.M.D.N.C. 1982) (holding that the estate of a deceased debtor may not convert a Chapter 13 case to one under Chapter 7). However, as discussed later in this opinion, if the debtor has already filed a Chapter 13 before he or she passes away, the analysis is not necessarily the same.

4

of the debtor does not abate a bankruptcy proceeding. This principle has had a long history. Section 8 of the former Bankruptcy Act of 1898 provided as follows:

> The death or insanity of a bankrupt shall not abate the proceedings but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died or become insane: *Provided*, [t]hat in case of death, the bankrupt's right to exemption, if any, shall be preserved, and if the exempt property has not already been set off or awarded to him, it shall upon application be ordered set off and awarded to the spouse or dependent children surviving at his death to the exclusion of his personal representatives.

*See* Bankruptcy Act of 1898, § 8 (repealed 1978). The United States Supreme Court in *Hull v. Dicks*, 235 U.S. 584, 588, 35 S.Ct. 152, 59 L.Ed. 372 (1915) held that the statute "makes no exception or qualification; after the proceedings have been commenced they are not to be abated by death."

When the current Bankruptcy Code was initially adopted in 1978, the language of § 8 of the Act was deleted. The relevant portion of the legislative history of § 541, which defines the property of the bankruptcy estate, states:

> Bankruptcy Act Sec. 8 has been deleted as unnecessary. Once the [bankruptcy] estate is created, no interests in property of the estate remain in the debtor. Consequently, if the debtor dies during the case, only property exempted from property of the estate or acquired by the debtor after the commencement of the case and not included as property of the estate will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue *in rem* with respect to property of the [e]state, and the discharge will apply in personam to relieve the debtor, and thus his probate representative, of liability for dischargeable debts.

H.R. REP. NO. 95-595, 95th Cong., 1st Sess., at 367-68 (1977); S. REP. NO. 95-989, 95th Cong., 2d Sess., at 82-3 (1978).

Under the Bankruptcy Code, in its current form, when a debtor dies during the pendency of a Chapter 7 case, the analysis is very straightforward. There is no conflict between § 727 of the Bankruptcy Code, 11 U.S.C. § 727, and the plain language of Bankruptcy Rule 1016, which both make clear that the debtor's death does not affect the administration of the bankruptcy estate. As

5

noted above, the legislative history of § 541 of the Bankruptcy Code clearly shows Congress's intent that the Chapter 7 debtor's probate estate should receive the benefit of a discharge. Furthermore, § 727(a)(1) pertaining to discharges in Chapter 7 provides that the debtor shall be granted a discharge in a Chapter 7 case as long as the debtor is an individual. The legislative history of § 727 provides the term "individual" includes a deceased individual, so that if the debtor dies during the bankruptcy case, he will nevertheless be released from his debts, and his estate will not be liable for them. H.R. REP. NO. 95-595, 95th Cong., 1st Session, at 384 (1977); S. REP. NO. 95-989, 95th Cong., 2d Sess., at 98 (1978).

Unfortunately, unlike in the Chapter 7 context, the legislative history of § 1328 does not directly address the situation in which a Chapter 13 debtor dies before completing the plan requirements. However, as discussed earlier, Bankruptcy Rule 1016 does directly address such a situation and allows for a discharge. As recognized by one bankruptcy court, Bankruptcy Rule 1016 restates the law on the effect of death in Chapter 7 and fills an apparent gap in the Bankruptcy Code by identifying the standards to be applied in determining whether to dismiss or proceed with a case under Chapters 11, 12, or 13. *In re Eads*, 135 B.R. 380, 383 (Bankr.E.D.Cal. 1991). In essence, Bankruptcy Rule 1016 replaces § 8 of the Bankruptcy Act.

The Trustee's assertion that Bankruptcy Rule 1016 is in conflict with the provisions of the Bankruptcy Code is not persuasive. Under general rules of statutory construction, a court is to give effect to the plain meaning of a statutory provision if that provision is clear and unambiguous on its face. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). However, a court should not construe the effect of a particular provision in a vacuum; instead, it should look to other relevant provisions of the statute to construe the statutory provisions at issue in context. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6-8,

120 S.Ct. 1942, 147 L.Ed.2d 1 (2000). If the meaning of the statutory provision is ambiguous, courts may turn to the legislative history of the statutory provision to discern Congress's intent. *Ron Pair,* 489 U.S. at 241. The clarity or ambiguity of statutory language should be determined by reference to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). The context consists not merely of other sentences but also of the real-world situation to which the language pertains. *Matter of Handy Andy Home Improvement Centers, Inc.*, 144 F.3d 1125, 1128 (7th Cir. 1998). When there is a conflict between a Bankruptcy Rule and provisions of the Bankruptcy Code, the statutory provision must be applied. *In re Smart World Technologies, LLC*, 423 F.3d 166, 181 (2nd Cir. 2005).

Section 1328 has no specific reference as to whether a discharge can be granted if a debtor dies before completing all the requirements under a Chapter 13 plan. In this context, there is no conflict between § 1328(a) and Bankruptcy Rule 1016. There is only a conflict if the term "debtor" as found in § 1328(a) excludes a deceased debtor. Section 109(e), to which the Trustee turns for the definition of a "debtor" in a Chapter 13 case provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 may be a debtor under chapter 13 of this title (footnotes omitted).

In determining the eligibility to be a "debtor" in a Chapter 13 case, § 109(e) in two places refers to "the date of the filing of the petition." According to the legislative history, the fundamental purpose of § 109(e) is to establish the dollar limitation of indebtedness that an individual with

regular income can incur and still file under Chapter 13.  S. REP. No. 989, 95th Cong. 2d Sess., at 31 (1978).  Section 109(e) sets forth an eligibility standard to file a Chapter 13 case that is not affected by postpetition events.  As a general rule, eligibility to file a Chapter 13 case regarding the debt limitations of §109(e) is determined as of the date the petition is filed, and the debt calculation is not affected by events subsequent to the filing date.  *See In re Scovis*, 249 F.3d 975, 982 (9th Cir. 2001); *In re Slack*, 187 F. 3d 1070 (9th Cir. 1999).  Many courts have held that confirmation of a plan is *res judicata* on the issue of a debtor's eligibility, and thus the issue may not be raised after the plan has been confirmed.  *In re Jones*, 134 B.R. 274 (N.D.Ill. 1991) (concluding IRS could not raise the question of debtors' eligibility 19 months after confirmation of plan); *In re Lochamy*, 197 B.R. 384 (Bankr.N.D.Ga. 1995).[5]  As § 109(e) establishes an eligibility standard and is not affected by post-petition events, it cannot be said to be in conflict with § 1328, which involves post-petition activity, i.e., the granting of a discharge.

Moreover, the interpretation put forth by the Trustee is not consistent with the treatment of a deceased debtor in a Chapter 7 case where, as previously discussed, the bankruptcy case is not abated upon the death of the debtor and the deceased debtor's estate may receive a discharge.  In that situation, as in the cases presently before the Court, there is technically no debtor to receive a discharge.  As noted above, the legislative history and Bankruptcy Rule 1016 make it very clear that a deceased Chapter 7 debtor is entitled to receive a discharge.  The Trustee has put forth no viable reason for treating a deceased Chapter 13 debtor less favorably than a deceased Chapter 7 debtor.  In fact, the Trustee's position would appear to punish a debtor for filing a Chapter 13 case and trying

---

[5]With respect to the "regular income" eligibility requirement, courts have taken divergent positions. Many courts look to the date the petition was filed to determine whether the debtor has regular income. *See, e.g., In re Baird*, 228 B.R. 324, 328 (Bankr.M.D.Fla. 1999).  Some courts hold that regular income should be determined at the time most favorable for the debtor, not necessarily the date of the petition.  *See Matter of Moore*, 17 B.R. 551 (Bankr.M.D.Fla. 1982).  Still other courts have found that regular income should be determined at the time of confirmation.  *See Matter of Cole*, 3 B.R. 346 (Bankr.S.D.W.Va. 1980).

to repay creditors instead of filing a Chapter 7 liquidation case. *See In re Bond*, 36 B.R. 49, 51-52 (Bankr.E.D.N.C. 1984) (noting that if case dismissed due to death of debtor, debtor would effectively be penalized for making the choice to proceed in Chapter 13 rather than in Chapter 7).[6] Contrary to the Trustee's assertions, there is no reason to ignore Bankruptcy Rule 1016 in the Chapter 13 context. Bankruptcy Rule 1016 is consistent with the Bankruptcy Code as it follows the general presumption that the death of the debtor shall not abate the bankruptcy proceeding, but provides for the dismissal of a Chapter 13 case at the discretion of the bankruptcy court. The Advisory Committee Note states that "[i]n a chapter 11 reorganization case or chapter 13 individual's debt adjustment case, the likelihood is that the case will be dismissed." This dismissal is not for the sole reason that the debtor has died, but because, as a practical matter, the funding of the plan is based on the debtor's submission of future earnings. Once the debtor has died, further administration may not be possible due to an inability to fund the plan. *See In re Spiser*, 232 B.R. 669, 674 (Bankr.N.D.Tex. 1999).

Finally, the Trustee has not put forth any viable argument that the probate estate may not be substituted for a deceased Chapter 13 debtor. In an unpublished decision, the Bankruptcy Court for the District of Oregon found that, under the circumstances of the case, further administration was in the best interests of the parties where debtor's heirs proposed making the remaining payments under the plan and that for such administration to continue, the personal representative should be

---

[6]It should also be noted that, although this case was filed before enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), after BAPCPA, there are instances where a debtor who files a Chapter 13 case may not be eligible for a discharge if the debtor received a discharge in a previous Chapter 7, 11, or 12 case during the four-year period preceding the date of the Chapter 13 petition or if the debtor received a discharge in a Chapter 13 case during the two-year period preceding the date of the new Chapter 13 petition. *See* 11 U.S.C. § 1328(f). In *In re Lewis*, 339 B.R. 814 (Bankr.S.D.Ga. 2006), the trustee asserted that the case should be dismissed because the debtors were ineligible for Chapter 13 relief since they were unable to receive a discharge. The bankruptcy court held that § 1328(f) is not an eligibility provision, and as long as the debtors met the eligibility requirements of § 109(e), they were eligible to be debtors under Chapter 13. *Id.* at 816. Thus, the question of whether the deceased debtor may receive a discharge may not even be the correct question.

substituted for the debtor. *See In re Stewart*, 2004 WL 3310532 (Bankr.D.Or. 2004).

Under Bankruptcy Rule 1016, the court must determine, based on the facts of each individual case, whether further administration is in the best interest of the parties. On the record before us, the Trustee has not argued any specific facts showing that such continued administration would not be in the best interests of the parties. Instead, the Trustee globally asserts that it would never be in the best interests of the unsecured creditors for a Chapter 13 case to continue after the death of the debtor and, conversely, that it would always be better for the creditors to proceed in state court or probate court. However, this is not always the case, and the Court should examine the facts and circumstances of each case individually. *See, e.g.*, *Stewart*, 2004 WL 3310532 at 1 (noting that if continued administration is not permitted, debtor's heirs have no reason to continue paying the estate's secured debt, and if secured creditors foreclosed, there would be no equity left for unsecured creditors); *Spiser*, 232 B.R. at 673-74 (concluding that under circumstances, debtors would be unable to fund a plan and that sale of homestead would yield sufficient funds to pay all of the debtor's creditors in full and therefore further administration would not be in the best interests of the parties). In this case, the Trustee has not presented any case-specific facts showing that further administration in either case would not be in the best interests of the parties.

For the foregoing reasons, the Court finds that further administration of this case is both possible and in the best interest of the parties. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

ENTERED: November 21, 2007

                                                    /s/ William V. Altenberger
                                              UNITED STATES BANKRUPTCY JUDGE